## SUPREME COURT.

SHERMAN AND WIFE, Appellants, agt. YOUNGS AND OTHERS, Admr's, &c., Respondents.

The costs on appeal from a surrogate's decree, are not regulated by the Code; they must be taxed according to the fee bill in force immediately previous to the 1st July 1848.

By § 471, *all* proceedings upon appeals from Surrogates' Courts, are entirely excluded from the operation of any of the provisions in the Code; they must be governed by other statutes.

*At Chambers, December* 1851. *Taxation of Costs.* This was an appeal from a decree of the surrogate of Yates county on final settlement. The decree of the surrogate was reversed at the last Monroe general term, with costs, and the appellants' attorney now presents his bill of costs in items, according to the fee bill as it existed prior to the first Monday in July in 1848, for taxation. The respondents' counsel appears, and objects to the power of a justice of this court to tax the costs, and to the right of the appellant to recover costs, except according to title X, part 2d of the Code.

E. VAN BUREN, *for the Appellants.*

J. V. VAN ALEN, *for the Respondents.*

WELLES, Justice.—Section 303 of the Code repeals all statutes establishing or regulating the costs or fees of attorneys, &c., *in civil actions*, &c., but allows the prevailing party, upon the judgment, certain sums by way of indemnity for his expenses in the action; which allowances are afterwards specified. · Section 318 provides that " when the decision of a court of inferior jurisdiction in a special proceeding shall be brought before the Supreme Court for review, such proceeding shall, for all purposes of costs, be deemed an issue, on a question of law, from the time the same shall be brought into the Supreme Court, and costs thereon shall be awarded and collected in such manner as the court shall direct, according to the nature of the case."

Whether, therefore, the appeal in this case is to be regarded an action, or a special proceeding under section 2, is immaterial, as the foregoing sections are sufficiently comprehensive to provide for the case of an appeal from a Surrogate's Court; and are decisive of the question, unless they are limited and controlled in their operation by § 471, which declares that " until the legislature shall otherwise provide, this act shall not affect proceedings upon mandamus, or prohibition; nor appeals from Surrogate's Courts," &c. &c.

The counsel for the respondents insists that the section last referred to must be read in the same manner as if the words were, " this act shall not affect proceedings upon mandamus, or prohibition; nor proceedings on appeals from Surrogates' Courts," &c.; and argues that the word proceedings, as applied to appeals from Surrogates' Courts, refers only to the several consecutive steps to be taken from the commencement to the conclusion of the appeal; such as the notice of the appeal, giving the bond, the surrogate's return, petition of appeal, &c. &c.; and that the making out and taxing or adjustment of the costs, and the judgment of the court allowing them, are no part of such proceedings.

My opinion, however, is that § 471 will not allow of the reading and interpretation of the respondents' counsel. I think its object and intention was to exclude entirely from the operation of any of the provisions of the Code, appeals from Surrogates' Courts, including all the proceedings therein, with the judgment of the appellate court and the proceedings to enforce it; and to leave

the subject throughout to be governed by other statutes, in force at the time the Code took effect.

It follows, therefore, that the costs in this case are not regulated by the Code, but must be taxed according to the fee bill in force immediately previous to the first Monday of July 1848, which remains, *quoad hoc,* the law.